NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CAROL LEVINE AS EXECUTRIX OVER
THE ESTATE OF OLGA SOLAR,

Plaintiff,

v.

FINANCIAL FREEDOM, *et al.*,

Defendants.

Civil Action No. 18-4127 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon pro se Plaintiff Carol Levine's ("Plaintiff") Motion for a Temporary Restraining Order ("TRO"). (ECF No. 14.) Defendants Financial Freedom and Frenkel Lambert Weiss Weisman & Gordon, LLP (collectively, "Defendants") have not responded as the motion was filed *ex parte*.[1] The Court has carefully reviewed Plaintiff's filings and, for the reasons set forth below, denies Plaintiff's motion.

**I.   Background**

On March 23, 2018, Plaintiff filed a single count complaint against Financial Freedom ("FinFree"), a mortgage servicer and debt collector headquartered in Austin, Texas. (Compl., ECF No. 1.) Ten days later, Plaintiff filed an Amended Complaint adding Frenkel Lambert Weiss Weisman & Gordon, LLP ("FLWWG"), a West Orange, New Jersey law firm, as a defendant. (Am. Compl., ECF No. 3 ("FAC").) Plaintiff brings claims against both Defendants pursuant to

---

[1] Plaintiff filed her motion on September 25, 2018. As of September 28, 2018, Plaintiff did not file any supplementary correspondence indicating that she served Defendants.

the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.* (FAC ¶ 14.) On May 10, 2018, FLWWG filed a Motion to Dismiss. (Mot. to Dismiss, ECF No. 7.) Plaintiff filed an Opposition on June 19, 2018. (Pl.'s Opp'n, ECF No. 13.) On September 25, 2018, Plaintiff filed an "Emergency *Ex-Parte*" Motion for a TRO. (Mot. for TRO, ECF No. 14.) Plaintiff also filed a Motion for Leave to File an Amended Complaint. (Mot. for Leave to File Am. Compl., ECF No. 15.) In the proposed Amended Complaint, Plaintiff adds two new defendants, Federal National Mortgage Association ("FNMA") and Phelan Hallinan Diamond & Jones LLP ("PHDJ"), and seeks preliminary and injunctive relief. (*Id.*)

Plaintiff is the Executrix of the Estate of Olga Solar. (FAC ¶ 5.) On December 13, 2006, Ms. Solar executed a reverse mortgage in favor of Washington Mutual Bank. (*Id.* ¶ 4.) The mortgage was for $300,800. (*Id.*) Ms. Solar passed away on August 15, 2011. (*Id.* ¶ 5.)

Plaintiff alleges that Defendants violated the FDCPA in their attempts to collect the debt related to the reverse mortgage. (*Id.* ¶ 22.) Specifically, Plaintiff asserts that she "disputed the debt and Defendants failed or refused to verify the alleged debt or certify the accuracy of the alleged debt . . . which they have attempted to collect." (*Id.* ¶ 11 (internal quotations omitted).) Plaintiff alleges that from 2013 to 2016, she "requested payoff statements from Defendants," and Defendants refused to provide such statements while continuing to attempt to collect the debt. (*Id.* ¶ 22.) On June 26, 2015, Plaintiff demanded that FinFree verify the debt and FinFree subsequently failed to do so. (*Id.*) On September 14, 2015, Plaintiff demanded that FLWWG verify the debt and FLWW subsequently failed to do so. (*Id.*) On March 14, 2018, Plaintiff's home was subject to a Sheriff's sale. (*Id.*)

Plaintiff states that she will be evicted from her property on October 2, 2018, if the Defendants and FNMA and PHDJ (collectively, "TRO Defendants") are not restrained. (Mot. for TRO ¶ 4.) She states that she "will be irreparabl[y] harmed by losing possession [of] her property

2

and by bearing the expense and labor of moving." (*Id.*) She argues that "[r]eal property and its attributes are considered unique and loss of real property rights generally results in irreparable harm." (*Id.*) To prevent these harms, Plaintiff seeks a TRO preventing TRO Defendants from evicting her from the property. (*Id.* at 1.)

II. **Discussion**

As a threshold matter, the Court has significant concerns regarding the subject matter jurisdiction of the Court to hear this motion. "The *Rooker-Feldman* doctrine bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). "The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Id.* (citing *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013)).

The *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (citation omitted); *see also Otto v. Judiciary Courts of N.J.*, No. 17-3424, 2018 WL 452161, at *4 (D.N.J. Jan. 16, 2018) (stating that *Rooker-Feldman* prohibits federal courts from addressing federal claims "that (1) were previously adjudicated in state court or (2) are inextricably intertwined with a prior state court decision.") (citations omitted); *Anise v. JPMorgan Chase Bank*, No. 16-8125, 2017 WL 2909758, at *4, (D.N.J. July 5, 2017) (stating that "[t]he *Rooker-Feldman* doctrine strips federal courts of jurisdiction over controversies that are essentially appeals from state-court judgments." (quoting *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014))).

3

The first three *Rooker-Feldman* doctrine factors are fulfilled on the basis of the facts alleged in Plaintiff's Amended Complaint. Plaintiff states that the property was subject to a Sheriff's sale on March 14, 2018. (FAC ¶ 22 (g).) The Court infers from this that a judgment was entered in a foreclosure proceeding in the relevant New Jersey state court. *See Nest,* 2016 WL 4541871, at *3. Plaintiff's Complaint in this matter was filed on March 23, 2018, nine days after the Sheriff's sale and an unknown amount of time after the final foreclosure judgment was entered. (*See* Docket Entry, ECF No. 1.)

The Court, moreover, can reasonably infer that if Plaintiff is opposing eviction now, and challenges TRO Defendants' actions in collecting the debt due on the mortgage, then Plaintiff likely opposed the foreclosure proceedings in state court and, critically for the *Rooker-Feldman* factors, lost. The injuries that Plaintiff complains of in the Motion for a TRO are directly caused by the state court judgment, to wit: Plaintiff would not be subject to the impending loss of possession of the property without the final foreclosure judgment and Sheriff's Sale. Finally, by asking the Court to enjoin TRO Defendants from evicting Plaintiff, Plaintiff is asking the Court to reject, or at the least disturb, the final foreclosure judgment. Given the date of the Sheriff's sale of the property, and the inferences that follow from that event, the *Rooker-Feldman* doctrine likely strips the Court of jurisdiction to grant Plaintiff's Motion for a TRO.

Nevertheless, even assuming the Court does have subject matter jurisdiction, the motion must be denied. The Court recognizes its duty to be mindful of a litigant's pro se status when examining pleadings filed by a pro se litigant. See *Liggon-Redding v. Willingboro Twp.*, 351 F. App'x 674, 678 (3d Cir. 2009). Federal Rule of Civil Procedure 65 limits the Court's ability to issue a TRO to instances when: (i) the "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the" party seeking the TRO and (ii) the party seeking the TRO "certifies in writing any efforts made to give notice and

4

the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The grant of injunctive relief is "an extraordinary remedy[,]" and a TRO "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). The burden is on the party seeking the TRO to "establish every element in its favor, or the grant of a [TRO] is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) (quoting *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)). This remedy should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. *Hartmann v. Maybee-Freud*, 279 F. App'x 142, 144 (3d Cir. 2008).

The loss of "real property can be adequately remedied by monetary compensation and that the intangible personal connection to property does not render [loss of real property] an irreparable injury." *Hynoski v. Columbia Cty. Redevelopment Auth.*, 485 F. App'x 559, 563 (3d Cir. 2012) (citations omitted). In *Minard Run Oil Co. v. United States Forest Service*, the Third Circuit recognized an exception to this principle because of the unique nature of the property interests, and mineral rights, associated with land from which oil and gas could be extracted. *See Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255-56 (3d Cir. 2011), as amended (Mar. 7, 2012) ("[W]here 'interests involving real property are at stake, preliminary injunctive relief can be particularly appropriate because of the unique nature of the property interest.'" (quoting *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009))).

Plaintiff asserts that she will be irreparably harmed by an eviction from the property. Specifically, Plaintiff states that she will be harmed through the loss of possession, expense and labor of moving from the property, the unique nature of the property, and emotional harm. The general rule that a loss of real property is not an irreparable injury forecloses Plaintiff's argument

that the loss of possession of the property will cause her irreparable injury. Similarly, to the extent the emotional harm Plaintiff may suffer is derivative of the loss of the property and arises from Plaintiff's personal connection to the property, this emotional harm does not constitute the requisite irreparable injury. Finally, Plaintiff's assertion that the property is unique is unsupported and does not provide a sufficient basis for the Court to conclude that the real property would fit into the exception the Third Circuit recognized in *Minard Run Oil Co.*

Because the Plaintiff cannot establish the required irreparable injury in the absence of the requested injunctive relief, the Court will not analyze the other elements required for a TRO to issue.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for a TRO is **DENIED**. An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE