**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

CAROL LEVINE AS EXECUTRIX OVER
THE ESTATE OF OLGA SOLAR,

          Plaintiff,

v.

FINANCIAL FREEDOM, et al.,

          Defendants.

Civil Action No. 18-4127 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Frenkel Lambert Weiss Weissman & Gordon LLP's ("FLWWG") Motion to Dismiss. (ECF No. 7.) On June 19, 2018, *pro se* Plaintiff Carol Levine ("Plaintiff") opposed. (ECF No. 13.) On September 25, 2018, Plaintiff filed a Motion for Leave to Amend the Complaint (ECF No. 15), and a Motion for Temporary Restraining Order ("TRO Motion") (ECF No. 14). On September 28, 2018, the Court denied the TRO Motion. (ECF No. 17.) For the reasons stated below, the Court grants FLWWG's Motion to Dismiss and denies Plaintiff's Motion to Amend.

**I.**    **Background**

On March 23, 2018, Plaintiff filed a one-count complaint against Financial Freedom ("FinFree") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C §§ 1692-1692p. (Compl., ECF No. 1.) On April 2, 2018, Plaintiff filed an Amended Complaint adding FLWWG as a defendant and again alleging violations of the FDCPA. (First Am. Compl.

("FAC"), ECF No. 3.) Plaintiff alleges that FLWWG and FinFree (collectively, "Defendants") violated sections 1692d, 1692e, and 1692f of the FDCPA by "fail[ing] or refus[ing] to submit a certified payoff amount while continuing . . . debt collection activity by sending billing statements and making demands by telephone." (*Id.* at ¶ 22(a).) Defendants also allegedly violated sections 1692d, 1692e, 1692f, and 1692g of the FDCPA by continuing debt collection activities against Plaintiff, including "repeated attempts to contact the Plaintiff by telephone," after Plaintiff requested that FLWWG and FinFree verify the debt at issue. (*Id.* at ¶ 22(d).) Plaintiff asserts that Defendants engaged in the previously mentioned behavior "intentionally and specifically in order to confuse the Plaintiff as to her rights under the FDCPA" and that such behavior constitutes an unfair practice in violation of section 1692f and "harassment and abuse" in violation of section 1692d. (*Id.* at ¶ 22(e).) Finally, Plaintiff alleges that Defendants violated section 1692d of the FDCPA "by repeatedly sending Plaintiff[] monthly statements, with a standard bankruptcy disclaimer to avoid liability under the FDCPA, and by asserting a right which it lacks, to wit, the right to enforce a non-existent debt." (*Id.* at ¶ 22(f).)

On May 10, 2018, FLWWG filed the instant Motion to Dismiss. FLWWG's principal argument is that Plaintiff's claims are barred by the FDCPA's one-year statute of limitations. (FLWWG's Moving Br. 5-7, ECF No. 7-3.) FLWWG also argues that pursuant to section 1692g, Plaintiff's untimely request for verification of the debt absolves FLWWG of any liability for efforts to pursue the debt. (*Id.* at 7-8.) FLWWG attached several documents to its Motion to Dismiss, including a copy of a complaint in a foreclosure action against Plaintiff and others, as well as several petitions to and orders issued by the United States Bankruptcy Court for the District of New Jersey. (*Id.*, Exs. A-L, ECF Nos. 7-5 to 7-15.)

On June 5, 2018, Plaintiff responded to FLWWG's motion arguing that a combination of Defendants' actions and her previous counsels' "ineptitude" constitute a basis for tolling the statute of limitations. (Pl.'s Resp. 6, ECF No. 13.) On September 25, 2018, Plaintiff filed the TRO Motion seeking to prevent her eviction from her property located at 250 Riva Avenue in Milltown, New Jersey ("250 Riva Avenue"). (TRO Mot., ECF No. 14.) On the same day, Plaintiff filed a Motion for Leave to Amend the Complaint to add Federal National Mortgage Association ("FNMA") and Phelan Hallinan Diamond & Jones LLP ("PHDJ") (collectively, "New Defendants") as defendants and assert more recent factual allegations. (Mot. to Amend, ECF No. 15.) Plaintiff asserts that New Defendants should be added as named defendants because of their "involvement in the botched settlement efforts and eviction process." (*Id.* at 1.) On September 28, 2018, the Court denied Plaintiff's TRO Motion finding that Plaintiff had not established the requisite irreparable injury. (Mem. Op., ECF No. 17.)

## II. Legal Standard

### A. Motion to Dismiss

Rule 8(a)(2)[1] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . .'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [she] proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

---

[1] All references to a "Rule" are references to the Federal Rules of Civil Procedure.

3

Thus, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

When analyzing a Rule 12(b)(6) motion, the district court conducts a three-part analysis. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* at 210-11. Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct," the claim is insufficient. *Iqbal*, 556 U.S. at 679 (2009). On the other hand, a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This final step of the analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A district court ruling on a motion to dismiss is generally "not permitted to go beyond the facts alleged in the [c]omplaint and the documents on which the claims made therein were based." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424-25 (3d Cir. 1997). There is an exception to this general rule, and the court may consider "a document integral to or explicitly relied upon in the complaint." *Id.* at 1426 (internal citations, quotations, and emphasis omitted). Thus, if a defendant submits an undisputedly authentic document as an attachment to a motion to dismiss and the plaintiff's claims are based on the document, the district court may consider the

4

document. *See In re Donald J. Trump Casino Sec. Litig.–Taj Mahal Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993); *Ramos v. Wells Fargo Bank, N.A.*, No. 16-880, 2016 WL 6434423, at *4 (D.N.J. Oct. 31, 2016). The court may also consider "items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

### B. Motion to Amend

Rule 15(a)(2) states that after a responsive pleading has been served "a party may amend its pleading only with the opposing party's written consent or the court's leave[,]" and "[t]he court should freely give leave when justice so requires." "[A] district court has the discretion to deny this request if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Amendment of a complaint is futile when the amended complaint fails to state a claim upon which relief can be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). When assessing futility, the district court only examines the pleadings. *See Marks v. Struble*, 347 F. Supp. 2d 136, 149-50 (D.N.J. 2004). "If the amendment would not withstand a motion to dismiss, leave must be denied." *Travelers Indem. Co. v. Dammann & Co.*, No. 04-5699, 2008 WL 3833596, at *2 (D.N.J. Aug. 14, 2008).

### III. Discussion

The purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. Accordingly, the FDCPA creates a

5

private right of action against any "debt collector" who violates any provision of the FDCPA. *See*

15 U.S.C. § 1692k. To state a claim pursuant to the FDCPA, a plaintiff must establish that:

> (1) he or she is a "consumer" who is harmed by violations of the FDCPA; (2) the "debt" arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a "debt collector"; and (4) the defendant has violated, by act or omission, a provision of the FDCPA.

*Grant v. JPMorgan Chase Bank*, No. 12-6248, 2013 WL 1558773, at *2 (D.N.J. Apr. 10, 2013) (quoting *Berk v. J.P. Morgan Chase Bank, N.A.*, No. 11-2715, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011)).

FLWWG argues that Plaintiff's complaint is time-barred by the FDCPA's one-year statute of limitations. (Def.'s Moving Br. 5.) FLWWG also argues that Plaintiff's attempt to dispute the underlying debt was untimely. (*Id.* at 8.) Plaintiff responds that due to the "ineptitude of not just one, but as it turns out, two attorneys, this is a case where justice can only be served if" the statute of limitations is tolled, and "anything less would be a miscarriage of justice." (Pl.'s Resp. at 6.) Plaintiff also asserts that the instant matter was initiated while an automatic stay imposed by the United States Bankruptcy Court for this district was in effect, and as a result, the instant Complaint was timely filed. (*Id.*) The Court addresses each argument in turn.

### A. The FDCPA's Statute of Limitations Bars Plaintiff's Claims

The FDCPA imposes a one-year statue of limitations on claims arising from violations of the statute. *See* 15 U.S.C. § 1692k (providing that "[a]n action to enforce any liability created by this subchapter may be brought. . . . within one year from the date on which the violation occurs."). When an FDCPA violation is based on actions arising out of a lawsuit to collect a debt, the violation "occurs either on the date the lawsuit is filed . . . or on the date that the complaint is served upon the plaintiff." *Schaffhauser v. Burton Neil & Assocs.*, No. 05-2075, 2008 WL 857523, at *2 (M.D. Pa. Mar. 27, 2008), *aff'd sub nom. Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x

6

128 (3d Cir. 2009); *accord Parker v. Pressler & Pressler, LLP*, 650 F. Supp. 2d 326, 338 (3d Cir. 2009). "The course of litigation is not, in itself, a 'continuing violation' of the FDPCA[,]" and "new communications concerning an old claim do not start a new limitations period." *Parker*, 650 F. Supp. 2d. at 341 (quoting *Campos v. Brooksbank*, 120 F. Supp. 2d 1271, 1274 (D.N.M. 2000)) (internal alterations omitted).

Plaintiff's Complaint makes no explicit reference to an underlying foreclosure action, and does not identify the date the underlying foreclosure action was filed or the date Plaintiff was served with the Complaint. (*See generally* FAC.) FLWWG asserts that a Complaint in a mortgage foreclosure action related to 250 Riva Avenue was filed on August 22, 2012, and Plaintiff was served on September 19, 2012. (Def.'s Mov. Br. 1-2.) Defendant also attaches a copy of a Complaint filed by FLWWG on behalf of OneWestBank, FSB against Plaintiff and several other defendants (the "Foreclosure Complaint"). (Def.'s Mov. Br., Ex. A.) Plaintiff's response states that she, "as executrix of the estate, . . . received a Foreclosure Complaint filed 8/22/2012 and a summons filed on 9/14/2012 from One West Bank and FLWWG calling for the amount of $525,000 as due." (Pl.'s Resp. 2.) The Court takes judicial notice of the Foreclosure Complaint and the fact that it was filed on August 22, 2012. *See In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005) (noting that the Court may take judicial notice that a document was filed).

Because the Foreclosure Complaint was filed on August 22, 2012, Plaintiff's FDCPA claims accrued on August 22, 2012.[2] The Complaint in this matter was filed on March 23, 2018,

---

[2] Because the Court must accept as true Plaintiff's factual assertions, the Court cannot accept as true FLWWG's assertion that Plaintiff was served on September 19, 2012. In any event, Plaintiff asserts that Olga Solar executed a reverse mortgage response on December 13, 2010, and passed away on August 25, 2011. (FAC ¶¶ 4-5.) Plaintiff also asserts that she received the Foreclosure Complaint and a Summons sometime shortly after receiving correspondence calling for full payment of the loan on 250 Riva Avenue. (Pl.'s Resp. 2.) The Court, accordingly, finds that Plaintiff's claim accrued on the date the Foreclosure Complaint was filed, August 22, 2012.

7

approximately five years and seven months after the filing of the Foreclosure Complaint. Accordingly, the FDCPA's one-year statute of limitations bars Plaintiff's claims to the extent the claims arise out of the litigation initiated by the Foreclosure Complaint. The Court, therefore, must determine which of Plaintiff's claims arise out of the lawsuit related to the mortgage on 250 Riva Avenue.

Plaintiff asserts violations of the FDCPA arising from (i) Defendants' failure to send a certified payoff amount while continuing debt collection activities, (ii) Defendants' repeated attempts to contact Plaintiff by phone after unsatisfied requests for verification of the debt, (iii) Defendants' conduct intended to confuse Plaintiff about her rights under the FDCPA, and (iv) Defendants' sending Plaintiff monthly payment statements. (FAC ¶ 22.) Plaintiff, however, has not sufficiently alleged that "any particular act taken [by Defendants] was a violation of the FDCPA, independent of the act of filing suit." *Parker*, 650 F. Supp. 2d at 341. Plaintiff's allegations regarding Defendants' conduct focus on the Foreclosure Complaint and the mortgage on 250 Riva Avenue. Thus, the FDCPA's statute of limitations bars Plaintiff's FDCPA claims because all the conduct alleged relates to the debt at issue in the Foreclosure Complaint and Plaintiff's Complaint in the instant matter was filed after the statute of limitations had run.

## B. Defendants' Continuing Debt Collection Efforts

Plaintiff asserts that Defendants' continued debt collection efforts, after her attempts at verifying the debt, "contradicted and overshadowed" her rights in violation of "sections 1692g(3), 1692g(4), and 1692g(5)" and other sections of the FDCPA. (FAC ¶ 22.) Those subsections, however, do not exist in the FDCPA. Section 1692g(a) contains provisions detailing the information that must be provided to a consumer in the initial communication with the consumer

8

regarding the collection of any debt. *See* 15 U.S.C. § 1692g(a)(1)-(5). In recognition of Plaintiff's *pro se* status, the Court analyzes her claims under section 1692g(a).

If Plaintiff alleges violations of section 1692g(a), these allegations fail as a matter of law because Plaintiff's factual allegations describe Defendants' "continuing debt collection efforts" and section 1692g(a) does not apply to continuing debt efforts. Section 1692(g) prescribes the information that must be included in the "initial communication" with a consumer, or a subsequent written notice sent within five days of the "initial communication." *See* 15 U.S.C. § 1692g(a). Plaintiff has not alleged that Defendants' initial communication, or a subsequent written notice, failed to include the information required by section 1692g(a) including: (i) a statement explaining that unless Plaintiff disputed the debt, the "debt will be assumed to be valid by the debt collector"; (ii) a statement explaining that if Plaintiff disputed the debt, Defendants would obtain verification of the debt and mail the same to Plaintiff, or (iii) a statement explaining that if Plaintiff requested, Defendants would provide "the name and address of the original creditor, if different from the current creditor." *See* 15 U.S.C. § 1692g(a)(3)-(5).

The Third Circuit has rejected the theory that subsequent communications constitute a "continuing violation" of section 1692g(a). *See Peterson v. Portfolio Recovery Assocs., LLC*, 430 F. App'x 112, 115 (3d Cir. 2011). The Third Circuit has also held that a debt collector's last opportunity to comply with section 1692g(a) is either (i) the initial communication with a consumer or (ii) the written notice sent within five days of the initial communication. *Id.* As a result, even if the Court were to construe the FAC to allege that (i) Defendants' initial communication regarding the debt violated the requirements of section 1692g(a), (ii) the Defendants' written notice, other than the initial communication, violated the requirements of section 1692g(a), or (iii) Defendants failed to provide the required written notice described in

9

section 1692(a), the one-year statute of limitations would have begun to run on the date of the initial communication or the date of the written notice.

Plaintiff has not identified the dates of the communications at issue. This lack of specificity presents a deficiency in the pleadings under Rule 8(a) because it fails to put Defendants on notice of the communications that allegedly violated the FDCPA. In any event, because the communications, which allegedly violated subsections 1692g(a), relate to 250 Riva Avenue and the Foreclosure Complaint, the statute of limitations on any FDCPA violations arising from the communications would have run one year after the filing of the Foreclosure Complaint. Accordingly, if Plaintiff alleges a violation of section 1692g(a), these claims would be time-barred by the FDCPA's statute of limitations.

### C. Plaintiff's Dispute of the Debt was Untimely

Sections 1692g(a) and 1692g(b) are interrelated. Section 1692g(b) requires that if a consumer disputes a debt, in writing, or requests "the name and address of the original creditor," in writing, the debt collector must cease collection of the debt pending verification of the debt.

Although Plaintiff does not explicitly allege a violation of section 1692g(b), FLWWG asserts that it was under no obligation to cease debt collection activities pursuant to section 1692g(b) because Plaintiff's dispute of the debt was untimely. (Def.'s Moving Br. 7-8.) Specifically, FLWWG asserts that Plaintiff's correspondence disputing the debt was sent on September 14, 2015, and this was after the thirty-day period to dispute the debt prescribed by section 1692g(b). (*Id.* at 7.)

The Court agrees with FLWWG. Plaintiff does not identify the specific communication she was responding to when she sent correspondence to FLWWG disputing the debt. (*See* FAC ¶ 22(c).) Plaintiff asserts that she sent the correspondence on September 14, 2015. (*Id.*) Plaintiff

10

purports to attach a copy of the correspondence to the FAC as an exhibit, but the only correspondence included is correspondence to FinFree. (*Id.*) Notwithstanding Plaintiff's omission of the correspondence to FLWWG, if Plaintiff's September 14, 2015 correspondence to FLWWG was sent in response to the notice attached to the Foreclosure Complaint, filed on August 22, 2012, the correspondence was sent nearly three years after the thirty-day period established in section 1692g, and Plaintiff's correspondence was untimely. If the correspondence was sent in response to a communication sent subsequent to the filing of the Foreclosure Complaint, then the correspondence is untimely because it was not in response to the initial communication. In both scenarios, FLWWG was not obligated to cease debt collections efforts because Plaintiff did not fulfill the requirements of section 1692g(b).

### D. The Statute of Limitations Was Not Tolled

"The filing of certain bankruptcy petitions operates as an automatic stay on the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." *In re Billings*, 687 F. App'x 163, 165 (3d Cir. 2017) (quotation marks omitted) (quoting 11 U.S.C. § 362(a)(1)). Section 108 of the Bankruptcy Code provides that:

> If applicable nonbankruptcy law, . . . fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the *trustee* may commence such action only before the later of—
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) two years after the order for relief.

11 U.S.C. § 108(a) (emphasis added).

Plaintiff asserts that the FDCPA's statute of limitations "was tolled by an automatic stay imposed by the bankruptcy court." (Pl.'s Resp. 6.) FLWWG argues that the statute of limitations was not tolled by a bankruptcy stay because the bankruptcy actions were filed by Carol Levine as an individual and the instant matter is brought by Carol Levine as Executrix of the Estate of Olga Solar and the FAC does not allege that the bankruptcy actions were brought on behalf of the Estate

11

of Olga Solar. (Def.'s Moving Br. 6.) FLWWG also asserts that even if the bankruptcy action tolled the statute of limitations, the statute of limitations ran on Plaintiff's claims on March 7, 2016, and Plaintiff's Amended Complaint, naming FLWWG, was filed on April 2, 2018. (*Id.* at 7.)

Plaintiff is incorrect regarding the filing of a bankruptcy petition imposing an automatic stay on the statute of limitations running on her FDCPA claim. Section 108's grant of an extension of time to bring claims is inapplicable here because the extension applies to the Trustee appointed by the Bankruptcy Court, not the debtor. In the bankruptcy proceedings, Plaintiff was the debtor, not the Trustee.

### E. The Court Declines to Apply the Doctrine of Equitable Tolling

Plaintiff's final argument to avoid the application of the statute of limitations to her claims is the assertion that this is a "case where justice can only be served if [the statute of limitations] is to be tolled . . . ." (Pl.'s Resp. 6.) The Court interprets this statement as a request that the Court apply the doctrine of equitable tolling. This doctrine "can rescue a claim otherwise barred as untimely by a statute of limitations [only] when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Glover v. F.D.I.C.*, 698 F.3d 139, 151 (3d Cir. 2012) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)). The doctrine is applied "sparingly" and only in circumstances "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.*

Plaintiff has not established that she is entitled to equitable tolling. Beyond stating that Defendants' efforts to collect the debts violated various provisions of the FDCPA, Plaintiff has not

12

alleged any facts that would allow the Court to conclude that Defendants actively misled Plaintiff regarding her FDCPA claims. *See Parker*, 650 F. Supp. 2d at 339 (holding that the plaintiff could not "obtain the benefit of the [equitable tolling] doctrine [based] on . . . vague and conclusory allegations"). Plaintiff has not established any extraordinary circumstances that prevented her from asserting her FDCPA claims. On the contrary, Plaintiff's response asserts that she retained counsel on October 16, 2016, two months and two days after the Foreclosure Complaint was filed. (Pl.'s Resp. 2.) Moreover, Plaintiff states that she provided her counsel with documents received by Olga Solar from 2007 to 2012. (*Id.*) Plaintiff's broad assertion that Defendants' failure to provide the requisite information so Plaintiff could hire an appropriate attorney to defend a foreclosure action does not establish that Defendants actively misled Plaintiff regarding her FDCPA claims. Moreover, Plaintiff's counsels' lack of diligence or expertise in response to the Foreclosure Complaint and prosecution of Plaintiff's bankruptcy matters, does not establish extraordinary circumstances in relation to Plaintiff's FDCPA claims. Finally, there is no indication that Plaintiff attempted to assert her FDCPA claims in the wrong forum and filed in this Court after attempting to assert the claims elsewhere. The Court, accordingly, declines to apply the doctrine of equitable tolling to Plaintiff's claim.

### F. Plaintiff's Motion to Amend is Denied

For the reasons stated below, the Court denies Plaintiff's Motion to Amend. In recognition of Plaintiff's *pro se* status and the Third Circuit's liberal approach to amendment, the Court grants Plaintiff leave to file a renewed Motion to Amend accompanied by a proposed Third Amended Complaint that addresses the issues discussed herein.

Plaintiff's proposed Second Amended Complaint ("SAC") is subject to dismissal in relation to FLWWG and FinFree. As to FLWWG, the SAC fails to allege sufficient facts that

13

would overcome the application of the FDCPA's statute of limitations to Plaintiff's claims. Specifically, Plaintiff has not alleged that "any particular act taken [by FLWWG] was a violation of the FDCPA, independent of the act of filing suit," and thus as currently structured, all of the allegations about FLWWG are related to the claim arising out of the filing of the Foreclosure Complaint. *Parker*, 650 F. Supp. 2d at 341. Accordingly, amendment of the FAC as to FLWWG would be futile. Nevertheless, Plaintiff may seek leave to amend the Complaint as to FLWWG if the current deficiencies can be corrected.

The allegations against FinFree are similarly barred by the FDCPA's statute of limitations. There is, however, an even more fundamental issue regarding Plaintiff's claims against FinFree. Upon review of the docket, there is no indication that Plaintiff served FinFree with the Complaint or the FAC. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Complaint was filed on March 23, 2018, and Plaintiff was required to serve FinFree by June 21, 2018. The Court, accordingly, dismisses the FAC as to FinFree without prejudice. If Plaintiff files a renewed Motion to Amend, Plaintiff must file proof of service of the renewed Motion to Amend, the proposed Third Amended Complaint, and a summons upon FinFree within 21 days of filing the renewed Motion to Amend.

The SAC contains several deficiencies that warrant dismissal, and thus denial of Plaintiff's current Motion to Amend. First, the claims alleged in the SAC are barred by the FDCPA's statute of limitations because they are related to the litigation of the Foreclosure Complaint. Moreover, Plaintiff's Motion to Amend asserts that New Defendants should be added as defendants because of "their involvement in the botched settlement efforts and eviction process." (Pl.'s Mot. to Amend

14

1, ECF No. 15.) Plaintiff, however, does not allege any facts to suggest that New Defendants committed any acts which would give rise to a violation of the FDCPA distinguishable from the underlying foreclosure action. Second, Plaintiff's allegations are against "Defendants," which the Court interprets to include FinFree, FLWWG, FNMA, and PHDJ. The SAC's lack of specificity as to which defendant of the four committed which alleged acts in violation of the FDCPA does not satisfy Rule 8(a) because the SAC fails to put Defendants on notice of the conduct at issue and how each individual Defendant is implicated in Plaintiff's claims. *See Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *4 (D.N.J. June 29, 2015). Finally, Plaintiff seeks permanent injunctive relief enjoining Defendants from taking action upon 250 Riva Avenue. The Court cannot provide such relief based upon alleged violations of the FDCPA because "injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA." *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004), as amended (Oct. 22, 2004), and *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

## IV. Conclusion

For the reasons set forth above, FLWWG's Motion to Dismiss is granted, and Plaintiff's Motion to Amend is denied without prejudice. Plaintiff may file a renewed Motion to Amend. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**